## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREDERICK MUTUAL INSURANCE CO.<br>57 Thomas Johnson Drive<br>Frederick, MD 21702 | CIVIL DIVISION |
| Plaintiff, | No. |
| v. | |
| EURO STOGAS LLC<br>2327 Huntingdon Pike<br>Huntingdon Valley, PA 19006<br>and/or<br>3300 Locust Drive<br>Huntington Valley, PA 19006 | **JURY TRIAL DEMANDED** |
| EDA CONTRACTORS, INC.<br>600 Center Avenue<br>Bensalem, PA 19020 | |
| PATRICIA STOFFELS<br>733 Garton Road<br>Bridgeton, NJ 08302 | |
| JIM STOFFELS<br>733 Garton Road<br>Bridgeton, NJ 08302 | |
| Defendants. | |

## COMPLAINT FOR DECLARATORY JUDGMENT

AND NOW, comes Plaintiff Frederick Mutual Insurance Company, by and through its counsel, Pion, Nerone, Girman, Winslow & Smith, P.C., Michael F. Nerone, and Brendan K. Birmingham, and files this Complaint for Declaratory Judgment, in support of which it avers the following:

1. The Plaintiff, Frederick Mutual Insurance Co., is a Maryland insurance corporation which maintains its principal place of business in Frederick, Maryland.

2. The Defendant, Euro Stogas LLC, based upon information and belief is a Pennsylvania limited liability company which maintains its principal place of business in Huntingdon Valley, Pennsylvania.

3. Based upon information and belief, none of Euro Stogas LLC's members are residents of Maryland.

4. Based upon information and belief, the Defendant, EDA Contractors Inc., is a Pennsylvania corporation which maintains its principal place of business in Bensalem, Pennsylvania.

5. Based upon information and belief, the Defendants, Patricia Stoffels and Jim Stoffels are adult individuals who are husband and wife who reside in Bridgeton, New Jersey.

6. There is complete diversity of citizenship between the Plaintiff and the Defendants.

7. On or about October 23, 2018, Patricia and Jim Stoffels filed an action against EDA Contractors Inc. in Salem County, New Jersey, Docket No. SLM-L-00229-18 ("Stoffels Action").

8. A copy of the Stoffels Complaint against EDA Contractors, Inc. is attached hereto as Exhibit 1.

9. Subsequently, EDA Contractors, Inc. filed a Third-Party Complaint against Euro Stogas LLC in the Stoffels Action.

10. A copy of the Third-Party Complaint filed by EDA Contractors, Inc. against Euro Stogas LLC in the Stoffels Action is attached hereto as Exhibit 2.

11. In the Stoffels Action, Patricia Stoffels has asserted personal injury claims allegedly arising from inhalation of environmental contaminants at her place of work in or about October 2016.

12. In the Stoffels Action, Jim Stoffels asserted loss of consortium claims arising derivatively from his wife's alleged personal injury.

13. In the Stoffels Action, the Stoffels have alleged that the defendants in that action negligently performed construction roofing work at her place of employment causing the particulates she allegedly inhaled to enter the building where she was working.

14. In the Stoffels Action, in EDA Construction's Third Party Complaint, EDA Construction alleged that Euro Stogas performed all of the roofing work at issue and that Euro Stogas' work included removal of heavy slag from the existing roof and removal of the existing roof, down to its metal deck.

15. The slag and removed portion of the existing roof were waste and disposed of by Euro Stogas in the course of its work.

16. In performing the roofing work, Euro Stogas engaged in demolition and removal of the existing roof, down to its deck.

17. The environmental contaminants complained of by the Stoffels were allegedly caused by this demolition and waste removal by Euro Stogas.

18. In the Stoffels Action, Patricia and Jim Stoffels have disclosed Gregory C. Kane, MD, MACP as an expert and produced a June 5, 2022 report authored by Dr. Kane.

19. Dr. Kane's June 5, 2022 report is attached hereto as Exhibit 3.

20. In his June 5, 2022 report, Dr. Kane concludes:

On the basis of these four elements of diagnosis: Clear history of exposure, laboratory confirmation of a positive hypersensitivity pneumonitis panel, abnormal lung physiology on lung function testing, and a confirmatory biopsy I establish the diagnosis of hypersensitivity pneumonitis. The condition was clearly related to due to ceiling/roof reconstruction performed with goal of repairing the issue that led to debris in the air for several days or a week or more. Such exposures are known to be causative of hypersensitivity pneumonitis. **To a reasonable degree of medical certainty this exposure included exposure to construction dusts, pigeon droppings, molds and other environmental contaminants** and this exposure was responsible for the lung disease which Ms. Stoffels suffered starting in October 2016 I later confirmed in 2017. (Emphasis added.)

21. After being served with the Third-Party Complaint, Euro Stogas tendered its defense and indemnification in the Stoffels Action to Frederick Mutual Insurance Co.

22. Frederick Mutual Insurance Co. is currently defending Euro Stogas, subject to a full and complete reservation of rights.

23. EDA Contractors Inc. has demanded that Euro Stogas LLC defend and indemnify it with respect to the Stoffels' claims.

24. Frederick Mutual Insurance Company issued Policy No. APP 215-0618, ("Policy") providing commercial general liability coverage to Euro Stogas, LLC, subject to all of the terms, provisions and endorsements comprising the Policy. A true and correct copy of the Policy is attached hereto as Exhibit 4.

25. The Policy provides:

10. "We" do not pay for:

a. "bodily injury" . . . arising out the actual, alleged, or threatened discharge, dispersal, seepage, migration, release, or escape of "pollutants":

\*\*\*

3) which are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for any "insured" or any person or organization for whom any "insured" may be legally responsible; . . .

26. The Policy defines "pollutants" stating:

a. any solid, liquid, gaseous, thermal or radioactive irritant or contaminant, including acids, alkalis, chemicals, fumes, smoke, soot, vapor, and waste. Waste includes materials to be disposed of as well was recycled, reclaimed, or reconditioned;

27. The "construction dusts, pigeon droppings, molds and other environmental contaminants" allegedly inhaled by Ms. Stoffels are pollutants pursuant to the definition of pollutants in the Policy.

4

28. Euro Stogas' work relating to removal and disposal of the slag and existing roofing involved Euro Stogas handling, transporting, storing and disposing of waste.

29. The Policy further provides:

14. "We" do not pay for "bodily injury" . . . that arises out of operations described below:

Operations:

\*\*\*

4. Demolition and/or building moving activities.

30. Euro Stogas' roofing work on the building in which Ms. Stoffels worked involved demolition of the existing roof.

31. The Policy further provides:

"We" do not pay for actual or alleged "bodily injury" . . . that arises out of "your work" and that results directly or indirectly from ingestion of, inhalation of, physical contact with or exposure to:

a. Wet rot; dry rot; a bacterium; a fungus, **including but not limited to mildew and mold**; or a protist, including but not limited to algae and slime mold; or

b. A chemical, matter, or a compound produced or released by wet rot, dry rot, a bacterium, a fungus, or a protist, including but not limited to toxins, spores, fragments, and metabolites such as microbial volatile organic compounds.

(Emphasis added.)

32. In the Stoffels Action, they assert that Ms. Stoffels injuries resulted from inhalation of mold resulting from the work performed by Euro Stogas on the building roof.

33. In the Stoffels Action, their negligence claim substantively asserts that those involved in performing the at issue roofing work performed that work in a faulty and improper manner.

34. The Policy includes an endorsement titled, "LIABILITY COVERAGE ENDORSEMENT Definition of "Occurrence". This Endorsement provides an amended definition for "occurrence", stating:

> **"Occurrence" means an accident**, including continuous or repeated exposure to similar conditions. . . .

35. Faulty workmanship, such as that alleged in the Stoffels Action is not accidental and therefore does not constitute an occurrence.

36. The Policy contains an endorsement titled, "AMENDATORY ENDORSEMENT DEFENSE COSTS REIMBURSEMENT PENNSYLVANIA, which states:

> If "we" defend against a suit or "we" pay for an "insured's" defense, and "we" later determine that the suit is not covered, "we" have the right to be reimbursed for the defense costs "we" have incurred.
>
> However, under this provision, "our" right to be reimbursed for defense costs applies only to such costs that "we" incur after "we" give "you" written notice that the suit may not be covered and that "we" are reserving "our" rights to end the defense coverage and to seek reimbursement for defense costs.

37. A reservation of rights letter was sent to Euro Stogas on or about December 29, 2020.

38. This matter presents a case and actual controversy.

39. Frederick Mutual brings this action pursuant to the Federal and Pennsylvania Declaratory Judgment Acts.

## COUNT I
## FOR DECLARATORY RELIEF

40. The averments contained in paragraphs 1 through 39 above are incorporated herein by reference, as if set forth herein at length.

41. The claims in the Stoffels Action arise out of the actual, alleged, or threatened discharge, dispersal, seepage, migration, release, or escape of pollutants.

42. The Policy excludes coverage by way of a defense and/or indemnity for claims arising out of pollutants.

43. By operation of the pollution exclusion, coverage is not owed for the claims asserted in the Stoffels Action.

WHEREFORE, Plaintiff Frederick Mutual Insurance Company respectfully requests that this Honorable Court declare:

a. The construction dusts, pigeon droppings, molds and other environmental contaminants to which Ms. Stoffel claims to have been exposed are pollutants under the Policy;

b. Euro Stogas' work relating to removal and disposal of the slag and existing roofing involved Euro Stogas handling, transporting, storing and disposing of waste;

c. The Policy excludes coverage by way of defense and/or indemnity for claims arising out of pollutants and, therefore, does not apply to the claims asserted in the Stoffels Action;

d. Frederick Mutual Insurance Co. does not have an obligation to indemnify Euro Stogas and/or any other party should the Stoffels obtain a recovery in their Action;

e. Frederick Mutual Insurance Co. does not have an obligation to defend Euro Stogas and/or any other party in the Stoffels Action; and

f. Euro Stogas is obligated to reimburse Frederick Mutual Insurance Co., for the defense costs incurred between the date of Frederick Mutual Insurance Co.'s reservation of rights up to the present.

## COUNT II
## FOR DECLARATORY RELIEF

44. The averments contained in paragraphs 1 through 43 above are incorporated herein by reference, as if set forth herein at length.

45. The Policy excludes coverage for claims arising out of demolition work.

46. The work allegedly giving rise to Ms. Stoffels alleged inhalation of construction dusts, pigeon droppings, molds and other environmental contaminants involved demolition of the existing roof.

47. By operation of the Designated Operations Exclusion Endorsement, coverage is excluded for the Stoffels claims.

WHEREFORE, Plaintiff Frederick Mutual Insurance Company respectfully requests that this Honorable Court declare:

a. The Policy excludes coverage for claims arising from demolition work;

b. Euro Stogas' demolition work is claimed to have caused Ms. Stoffels' inhalation of construction dusts, pigeon droppings, molds and other environmental contaminants;

c. Frederick Mutual Insurance Co. does not have an obligation to indemnify Euro Stogas and/or any other party should the Stoffels obtain a recovery in their Action;

d. Frederick Mutual Insurance Co. does not have an obligation to defend Euro Stogas and/or any other party in the Stoffels Action; and

e. Euro Stogas is obligated to reimburse Frederick Mutual Insurance Co., for the defense costs incurred between the date of Frederick Mutual Insurance Co.'s reservation of rights up to the present.

## COUNT III
## FOR DECLARATORY RELIEF

48. The averments contained in paragraphs 1 through 47 above are incorporated herein by reference, as if set forth herein at length.

49. The Policy excludes coverage for claims arising from ingestion of, inhalation of, physical contact with or exposure to mold.

50. The Stoffels claims arise from inhalation of mold.

51. As a result, coverage is excluded for the claims in the Stoffel Action.

WHEREFORE, Plaintiff Frederick Mutual Insurance Company respectfully requests that this Honorable Court declare:

a. The Policy excludes coverage for claims arising from inhalation of mold;

b. The Stoffels' claims arise from the inhalation of mold;

c. Frederick Mutual Insurance Co. does not have an obligation to indemnify Euro Stogas and/or any other party should the Stoffels obtain a recovery in their Action;

d. Frederick Mutual Insurance Co. does not have an obligation to defend Euro Stogas and/or any other party in the Stoffels Action; and

e. Euro Stogas is obligated to reimburse Frederick Mutual Insurance Co., for the defense costs incurred between the date of Frederick Mutual Insurance Co.'s reservation of rights up to the present.

## COUNT IV
## FOR DECLARATORY RELIEF

52. The averments contained in paragraphs 1 through 51 above are incorporated herein by reference, as if set forth herein at length.

53. The Stoffels claims assert that the roofers engaged in faulty and improper workmanship when working on the roof.

9

54. The Policy defines an occurrence as an accident.

55. Faulty workmanship is not an accident.

56. As a result, coverage has not been triggered under the Policy for the claims asserted in the Stoffel Action.

WHEREFORE, Plaintiff Frederick Mutual Insurance Company respectfully requests that this Honorable Court declare:

a. The Stoffels' claims are for faulty workmanship;

b. Faulty workmanship is not an occurrence;

c. The Stoffels' claims have not triggered coverage under the Policy;

d. Frederick Mutual Insurance Co. does not have an obligation to indemnify Euro Stogas and/or any other party should the Stoffels obtain a recovery in their Action;

e. Frederick Mutual Insurance Co. does not have an obligation to defend Euro Stogas and/or any other party in the Stoffels Action; and

f. Euro Stogas is obligated to reimburse Frederick Mutual Insurance Co., for the defense costs incurred between the date of Frederick Mutual Insurance Co.'s reservation of rights up to the present.

                                          Respectfully submitted,

                                          PION, NERONE, GIRMAN, WINSLOW & SMITH, P.C.

                                          By: /s/Michael F. Nerone
                                                Michael F. Nerone
                                                PA ID #62446
                                                mnerone@pionlaw.com
                                                Brendan K. Birmingham
                                                PA ID #323023
                                                bbirmingham@pionlaw.com
                                                1500 One Gateway Center
                                                420 Fort Duquesne Boulevard
                                                Pittsburgh, PA  15222
                                                412-281-2288

Date:   September 19, 2022                Counsel for Plaintiff, Frederick Mutual Insurance Company